United States District Court
For the Northern District of California

1

2          **\*E-FILED 03-30-2011\***

3

4

5

6

7                    NOT FOR CITATION

8        IN THE UNITED STATES DISTRICT COURT

9      FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                  SAN JOSE DIVISION

| | |
|---|---|
| ROKY ERICKSON, individually and doing business as ROKY ERICKSON MUSIC; CRAIG LUCKIN, individually and doing business as ORB PRODUCTIONS and ORB MUSIC, CO., <br><br> Plaintiffs, <br> v. <br><br> SYMPATHY FOR THE RECORD INDUSTRY, a doing business as designation for JOHN MERMIS, a/k/a LONG GONE JOHN, an individual; INDEPENDENT LABEL COLLECTIVE LLC, a limited liability company, <br><br> Defendants. <br> _____/ | No. C10-00636 HRL <br><br> **ORDER (1) DENYING AS MOOT JUDGMENT CREDITORS' MOTION FOR AN ASSIGNMENT ORDER; AND (2) GRANTING IN PART AND DENYING IN PART JUDGMENT CREDITORS' MOTION FOR ATTORNEYS' FEES AND COSTS** <br><br> **[Re:  Docket Nos. 21 and 33]** |

                    BACKGROUND

        Roky Erickson and Craig Luckin ("judgment creditors") filed this action for alleged

breach of contract, fraud and copyright infringement.  In sum, they claimed that defendants

exploited their musical compositions and recordings for profit and then refused to account for or

pay the royalties owed.

        Shortly after the complaint was filed, Erickson and Luckin accepted an offer of

judgment from defendant John Mermis (aka Long Gone John, dba Sympathy for the Record

Industry).  Pursuant to Fed. R. Civ. P. 68, judgment was entered on May 17, 2010 in the amount

**United States District Court**
For the Northern District of California

1  of $8,001.00 in favor of Erickson and $73,001.00 in favor of Luckin, inclusive of pre-judgment

2  interest and costs to April 30, 2010.  Post-judgment interest was to accrue at the rate provided

3  by law.  (See Docket No. 19, hereafter "Rule 68 Judgment").[1]

4       Claiming that Mermis refused to pay the judgment, plaintiffs moved for an assignment

5  order, seeking payment of the judgment against Mermis through a Distribution Agreement

6  between Sympathy for the Record Industry and ILC.  The court directed the parties to submit

7  further briefing on that motion.  They did so,[2] and the matter was deemed submitted.

8       The court is told that Mermis has since paid the majority of the judgment.  And,

9  Erickson and Luckin say that, as of October 28, 2010, the judgment has been satisfied after they

10  levied the remaining sums due from one of Mermis' bank accounts.

11       Erickson and Luckin now move for an award of $39,706.72 for their attorney's fees and

12  costs incurred in their post-judgment enforcement efforts.  Mermis opposes the motion.  At the

13  motion hearing, Erickson and Luckin renewed their request for an assignment order in order to

14  satisfy payment of their requested post-judgment attorney's fees.  Upon consideration of the

15  moving and responding papers, as well as the arguments of counsel, this court (1) denies as

16  moot judgment creditors' motion for an assignment order; and (2) grants in part and denies in

17  part their motion for attorneys' fees and costs.

DISCUSSION

19  A.   Motion for Assignment Order

20       As noted above, in conjunction with their request for payment of fees and costs,

21  judgment creditors have renewed their request for an assignment order.  Pursuant to Rule 69 of

22  the Federal Rules of Civil Procedure, a court may enforce a money judgment in accordance with

23  the practice and procedure of the state in which it sits.  FED. R. CIV. P. 69(a)(1); Cigna Property

---

25  [1]       At around the same time, Erickson and Luckin also reached a settlement with
the only other defendant, Independent Label Collective, LLC (ILC), and dismissed their
26  claims against ILC with prejudice.  (See Docket Nos. 18 and 20).  The terms of that
settlement are not at issue on the instant motion.

27  [2]       Both sides requested that their supplemental filings be sealed.  The court
granted both motions.  (Docket No. 30).  However, it appears that neither side has actually
28  electronically filed their papers under seal as required by General Order No. 62.  They are
directed to do so promptly.

**United States District Court**
For the Northern District of California

1  and Casualty Ins. Co. v. Polaris Pictures Corp., 159 F.3d 412, 421 (9th Cir. 1998).  Under

2  California law, all property of the judgment debtor is subject to enforcement of a money

3  judgment.  CAL. CODE CIV. PROC. § 708.510(a).  Nevertheless, the statute on its face provides

4  that a right to payment may be assigned only to the extent necessary to satisfy the money

5  judgment.  Id., § 708.510(d).  As noted above, the judgment in question has already been

6  satisfied.  Accordingly, judgment creditors' motion for an assignment order is denied as moot.

7  B.     Motion for Attorneys' Fees and Costs

8         A motion for fees incurred in obtaining a judgment is considered a supplemental

9  proceeding to which Federal Rule of Civil Procedure 69 applies.  Carnes v. Zamani, 488 F.3d

10 1057, 1060 (9th Cir. 2007).  That rule, in turn, "requires the court to apply state law to

11 'proceedings supplementary to and in aid of a judgment' unless there is a federal statute that

12 would apply."  Id. (quoting Fed. R. Civ. P. 69(a)).  Neither side has identified an applicable

13 federal statute; and, this court therefore applies California law here.  Id.

14        "California's Enforcement of Judgments Law ('EJL') provides that a 'judgment creditor

15 is entitled to the reasonable and necessary costs of enforcing a judgment.'"  Id. (quoting CAL.

16 CIV. PROC. CODE § 685.040).  Recoverable costs may include attorneys' fees otherwise allowed

17 by law.  CAL. CIV. PROC. CODE § 685.040; see also Carnes 488 F.3d at 1060 (stating that

18 recoverable costs may include attorney fees incurred in enforcing the judgment when the

19 prevailing party was entitled to attorney's fees in the underlying action); Berti v. Santa Barbara

20 Beach Properties, 145 Cal. App.4th 70, 77, 51 Cal. Rptr.3d 364, 368 (2007) (stating that "Code

21 of Civil Procedure section 685.040 authorizes postjudgment fees provided by law.").  Here,

22 Erickson and Luckin asserted a claim for violation of the Copyright Act.  The Copyright Act

23 provides that the court may, in its discretion, allow full recovery of costs by or against any party

24 and may also award reasonable attorney's fees to a prevailing party as part of the costs.  17

25 U.S.C. § 505.

26        1.     Whether Factors Support an Award of Attorney's Fees

27        Mermis contends that this court has no authority to award fees and costs to Erickson and

28 Luckin because the Rule 68 Judgment is silent about fees and states that it is inclusive of costs.

**United States District Court**
For the Northern District of California

1   However, the costs included in the judgment were only to April 30, 2010.  (Docket No. 19).

2   And, as noted above, this court finds that post-judgment fees and costs are otherwise allowable

3   under the law.

4   Mermis next argues that Erickson and Luckin are not "prevailing parties" entitled to an

5   award of fees.  Here, he points out that this court made no determination as to the merits of the

6   underlying claims for relief, and he did not admit any fault in the Rule 68 Judgment.  Mermis

7   fails to persuade.  "'[A] 'prevailing party' is one who has been awarded some relief by the

8   court.'  The key inquiry is whether some court action has created a 'material alteration of the

9   legal relationship of the parties.'"  Cadkin v. Loose, 569 F.3d 1142, 1148 (9th Cir. 2009)

10  (quoting Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human

11  Resources, 532 U.S. 598, 603-04 (2001)).  Thus, in addition to judgments on the merits,

12  settlement agreements enforced through a consent decree may serve as the basis for an award of

13  attorney's fees.  Buckhannon Bd. & Care Home, Inc., 532 U.S. at 604; see also Pure Love

14  Music v. JMC Entertainment, Inc., No. 09CV1980, 2010 WL 1269776 (E.D.N.Y., Apr. 2, 2010)

15  (awarding attorney's fees under Copyright Act § 505 for plaintiff's fees and costs incurred in

16  enforcing the parties' settlement); Feezor v. Otay Lakes Road, L.P., No. 07cv0335, 2008 WL

17  2705392 *1 (S.D. Cal., July 9, 2008) (concluding in an action under the Americans With

18  Disabilities Act that plaintiff was a "prevailing party" for purposes of obtaining attorney's fees

19  where a Fed. R. Civ. P. 68 judgment had been entered in his favor).

20  Mermis nonetheless maintains that the instant motion for fees and costs is untimely

21  because he paid most of the judgment and Erickson and Luckin levied the rest by September 3,

22  2010—i.e., ten days before the instant motion was filed.  Plaintiffs do not dispute that a

23  judgment creditor must request post-judgment attorney fees before the underlying judgment is

24  fully satisfied.  Here, however, plaintiffs say that the judgment was not fully satisfied until

25  October 28, 2010 when they actually received funds from Mermis' account for the outstanding

26  balance.  (Cohorn Decl. ¶ 9).  Cf. Carnes, 488 F.3d at 1059-61 (concluding that a motion for

27  post-judgment fees was untimely because it was filed after funds were wired to the judgment

28  creditors' account).  Accordingly, judgment creditors' motion is timely.

**United States District Court**
For the Northern District of California

1   Finally, Mermis contends that, rather than negotiate a reasonable settlement or payment

2   schedule, Erickson and Luckin deliberately undertook extensive efforts to enforce the judgment

3   in order to increase their attorney's fees. Mermis acknowledges that he has substantial assets

4   and claims that he simply needed time to make a payment plan because of liquidity issues. In

5   sum, he believes that judgment creditors' enforcement efforts were overkill. It is not apparent

6   to this court that Mermis outright refused to pay the judgment offered. Nevertheless, it seems

7   that Mermis was less than forthcoming with judgment creditors and this court about the true

8   state of his financial affairs. Having reviewed the record, this court finds that judgment

9   creditors reasonably sought to enforce payment of the judgment Mermis offered.

10   On balance, this court finds that the circumstances presented here weigh in favor of an

11   award of attorney's fees and costs.

12          2.      Reasonableness of Fees and Costs

13   Judgment creditors assert that the Ninth Circuit has not mandated use of the lodestar

14   method in calculating attorney's fees under the Copyright Act. Nevertheless, "[t]he most useful

15   starting point for determining the amount of a reasonable fee is the number of hours reasonably

16   expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461

17   U.S. 424, 433 (1983). The party seeking an award of fees must submit evidence supporting the

18   hours worked and rates claimed. Id. "Where the documentation of hours is inadequate, the

19   district court may reduce the award accordingly." Id. "The court necessarily has discretion in

20   making this equitable judgment." Id. at 437.

21   The fee applicant bears the burden of presenting satisfactory evidence, in addition to the

22   affidavits of its counsel, that the requested rates are commensurate with those prevailing in the

23   community for similar services of lawyers of reasonably comparable skill, experience, and

24   reputation. Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 980 (9th Cir. 2008);

25   Experexchange, Inc. v. Doculex, Inc., No. C08-03875 JCS, 2010 WL 1881484 *6 (N.D. Cal.,

26   May 10, 2010). For example, fee applicants may present affidavits of attorneys other than their

27   own counsel as to the reasonableness of the rates charged. Camacho, 523 F.3d at 980;

28   Experexchange, Inc., 2010 WL 1881484 at *6. "Courts may also rely on decisions by other

**United States District Court**
For the Northern District of California

1    courts awarding similar rates for work in the same geographical area by attorneys with

2    comparable levels of experience." Experexchange, Inc., 2010 WL 1881484 at *6 (citing

3    Nadarajah v. Holder, 569 F.3d 906, 917 (9th Cir. 2009)).  The party opposing the fee

4    application bears the burden of presenting evidence rebutting the accuracy and reasonableness

5    of facts asserted by the fee applicant in its submitted affidavits.  Camacho, 523 F.3d at 980.

6            Here, judgment creditors seek a total of $39,706.72 in fees and costs incurred by their

7    California and Washington state counsel in enforcing the judgment.  The hourly rates charged

8    by plaintiffs' California law firm range from $150 per hour to $450 per hour.  (Given Decl., Ex.

9    C).  This court is well familiar with the range of rates customarily charged by attorneys

10   practicing before it, and the stated hourly rates are within the range for cases of this magnitude

11   and complexity.  See Io Group, Inc. v. Jordan, No. C09-0884MEJ, 2010 WL 2231793 *5 (N.D.

12   Cal., June 1, 2010) (presenting, in a copyright case, a matrix of reasonable rates for attorneys

13   practicing in the Northern District of California).  However, it is not entirely clear what tasks

14   were performed by whom.  (Given Decl., Ex. B).  Moreover, it seems that some of the tasks

15   performed by David Given, a partner at plaintiffs' counsel's firm—such as drafting pleadings,

16   conducting legal research and administrative tasks (Given Decl. ¶ 12)—could perhaps have

17   been performed by an attorney at a lower billing rate or by others.  And, as for the rates charged

18   by their Washington state counsel, judgment creditors have presented nothing other than their

19   attorney's declaration to support the reasonableness of the rates charged.  Accordingly, the

20   court finds that a moderate reduction of $5,000.00 is warranted.

21                                        ORDER

22           Based on the foregoing, IT IS ORDERED THAT:

23           1.       Judgment creditors' motion for an assignment order is denied as moot.

24           2.       Judgment creditors' motion for attorney's fees and costs is granted in part and

25   denied in part.  Judgment debtor Mermis shall pay judgment creditors $34,706.72 within 60 days

26

27

28

1   from the date of this order.

2          SO ORDERED.

3   Dated:    March 30, 2011

4                                          _____
5                                          HOWARD R. LLOYD
                                           UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

5:10-cv-00636-HRL Notice has been electronically mailed to:

David M. Given     dmg@phillaw.com

Steven Lee Hammond     slh@hammondlawsf.com, mwong@hammondlawsf.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

United States District Court
For the Northern District of California